UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| WORLDCOM, INC., et al. | Case No. 02-13533 (AJG) |
| Debtors | (Jointly Administered) |
| MCI WORLDCOM COMMUNICATIONS, INC. f/k/a WORLDCOM TECHNOLOGIES, INC. | |
| Plaintiff | |
| v. | Adversary Proceeding No. 04-04338 (AJG) |
| COMMUNICATIONS NETWORK INTERNATIONAL, LTD., | |
| Defendant | |

**Pursuant to F. R. BANKR. P. 8006, Appellant CNI Designates Items for the Record on Appeal and Makes a Statement of the Issues for the Appeal of the Order dated April 4, 2006.**

## A. Introduction

CNI below designates items to be included in the record on appeal and also makes a statement of issues to be presented on appeal. On July 8, 2008, CNI filed two separate notices of appeal and this statement relates to the notice of appeal given for the order of April 4, 2006. This statement does NOT relate to the notice of appeal given for the orders entered June 25, 2008, and dated April 30, 2008, January 9, 2008, December 7, 2007, September 6, 2007, July 9, 2007 and March 13, 2006 which are covered in a separate statement filed with the Court.

273727 v1



RECEIVED JUL 22 2008

### B. Items to be Included in the Record on Appeal

1. Pleadings in this action, particularly the complaint and answer (as amended) and counterclaim.

2. WorldCom Tariff FCC No. 1, Second Revised.

3. Court Order of Nov. 2, 2001 by Judge Kelly, E.D.Pa., Action 01-762.

4. Order of the State of Vermont, Public Service Board, Docket No. 6331, April 20, 2000.

5. Court Order of July 30, 2002 by Judge Kelly, E.D.Pa., Action 01-762.

6. FCC Order Released Nov. 17, 2000, Docket # 96-61.

7. The judgment entered against CNI on the motion for judgment on the pleadings.

8. The Bankruptcy Court's opinion on the motion for judgment on the pleadings.

9. The parties' briefs and motion on the motion for judgment on the pleadings.

10. Notice of Appeal.

### C. Statement of the Issues to be Presented on Appeal

The Bankruptcy Court erred because it dismissed CNI's counterclaim on a motion for judgment on the pleadings. The court erred because:

1. It failed to follow the strict standards that apply to a motion for judgment on the pleadings.

2. The court failed to apply the rule that federal pleading is notice pleading requiring only a "short and plain" statement of the claim.

3. The court failed to accept as true CNI's allegations of fact and failed to view them in a light most favorable to CNI.

273727 v1

4. It erred in entering judgment on the pleadings and holding that CNI had not stated a cause of action.

5. The court's holding is based on the Filed Rate Doctrine and the FCC had eliminated the use of that doctrine for the type of claims made by CNI in this case.

6. It made an error of law when it found the Filed Rate Doctrine as a matter of law precluded CNI from bringing its causes of actions for fraud in the inducement, tort of intentional non-disclosure, 4 breach of contract counts and defamation.

7. The Filed Rate Doctrine, even when it was alive for a case like this, did not automatically prevent CNI's state tort actions.

8. The Filed Rate Doctrine, even when it was alive for a case like this, could only apply when the claims are inconsistent with the tariff. CNI's claims are not inconsistent with the tariff relied on by WorldCom.

9. The court failed to follow a concurring opinion by Chief Justice Rehnquist that demonstrated that CNI's state law claims like fraud in the inducement, tort of intentional non-disclosure, breach of contract and defamation are not barred by the Filed Rate Doctrine.

10. It found the WorldCom tariff applied to CNI's claims, which was incorrect.

11. The court incorrectly rejected the factual allegations of CNI as to the terms of the agreement between the parties. Instead the court found the parties terms are different from the contractual terms alleged by CNI.

12. It was in conflict with hornbook law on a motion for judgment on the pleadings for the court to reject the factual allegation by the non-moving party, CNI, as to the terms in a contract and instead accept the terms of a contract alleged by the moving party, WorldCom.

By: _____ 7-21-08
William M. Mullineaux
794 Penllyn Pike
Blue Bell, PA 19422
267.419.1500
*Attorney for Communications Network International, Ltd.*

273727 v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| WORLDCOM, INC., et al. | Case No. 02-13533 (AJG) |
| Debtors | (Jointly Administered) |
| MCI WORLDCOM COMMUNICATIONS, INC. f/k/a WORLDCOM TECHNOLOGIES, INC. | |
| Plaintiff | |
| v. | Adversary Proceeding No. 04-04338 (AJG) |
| COMMUNICATIONS NETWORK INTERNATIONAL, LTD., | |
| Defendant | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2008, a true and correct copy of the foregoing document was served via first-class mail, postage prepaid, addressed as follows:

Mark Shaiken, Esquire
Stinson, Morrison, Hecker, LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106-2150

_____
William M. Mullineaux

273727 v1